**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**STEPHEN PIERCE**                                                                                          **PLAINTIFF**

**vs.**                                                         **CIVIL ACTION NO. 2:20-cv-226-KS-MTP**

**KILOLO KIJAKAZI,
ACTING COMMISSIONER OF SOCIAL SECURITY**                   **DEFENDANT**

**ORDER**

THIS CAUSE IS BEFORE THE COURT on an action brought by Plaintiff, Stephen Pierce, pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security Administration denying his claim for disability insurance benefits. The Court has considered the parties' submissions, the record and the applicable law, and finds that the Commissioner's final decision be affirmed, and that this action be dismissed with prejudice.

**A. Statement of the Case**

Plaintiff applied for a period of disability insurance benefits, and supplemental security income, alleging an onset date of July 24, 2013 (Doc.8 at 254-65). On that date Plaintiff was 40 years of age and had past work experience as a meter installer, auto mechanic, dump truck driver, log truck driver, concrete mixer, fork-lift operator and garbage collector/driver (*Id*. at 29, 254). Plaintiff's application was denied initially and upon reconsideration. (*Id.* at 136-179). The Administrative Law Judge ruled that plaintiff was not disabled, and the appeals council denied review. (*Id*. at 6-9, 12-32). Plaintiff has a ninth-grade education and alleged that he was disabled because of triple heart bypass

surgery, fatty liver disease, fatty spleen, renal cyst disease, broken back at L-4 – L-5, high blood pressure and high cholesterol (Doc. 8, p.288).

### B. Standard of Review

42 U.S.C. §405(g) limits judicial review to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner followed the correct legal standards in reaching the decision. *See* 42 U.S.C. §405(g); *Carrier v. Sullivan,* 944 F.2d 243, 245(5th Cir. 1991). The Court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the Commissioner, even if it finds that the evidence preponderates against the Commissioner's decision. Substantial evidence is more than a scintilla and less than a preponderance, and it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 390 (1971).

### C. Burden of Proof

Governing regulations establish a five-step sequential evaluation process for determining disability. The claimant has the burden of proof at the first four steps of the process, and at step five the burden shifts to the Commissioner to show that the claimant can perform other work that exists in significant numbers in the national economy. *See Perez v. Heckler*, 777 F.2d 298, 300-301 (5th Cir. 1985). If the Commissioner meets that burden, then the burden shifts back to the plaintiff to prove that he cannot perform the other work. Often-times the assistance of vocational expert testimony is used at step five seeking to prove or disprove that plaintiff can perform other jobs that exist in significant numbers in the national economy (Doc. 8, pp. 29-30,113-115, 400-403).

### D. Issues

Plaintiff and defendant allege that there are two specific issues that need to be decided by the Court. They are:

(1) Whether the Administrative Law Judge has properly accounted for all of the functional limitations discussed by Steve Barrilleaux, Ph.D., a consulting psychologist when the ALJ evaluated plaintiff's mental residual functional capacity. *See* Doc. 8 at 21, 28, 1370, and Doc. 10 at 12-15,

(2) Whether substantial evidence supports the ALJ's evaluation of plaintiff's pain. Pl's Br. At 15-17 and Doc. 8 pp. 5,6,7.

The Court will address these in the order listed above.

**Issue (1)** Whether the Administrative Law Judge has properly accounted for all of the functional limitations discussed by Steve Barrilleaux, Ph.D.

The crux of the objection made by plaintiff is that the ALJ did not properly account for or evaluate the report of the consultative psychologist, Dr. Barrilleaux, specifically the finding that "plaintiff would have moderate difficulty performing basic work-related behaviors effectively". (See Doc. 8 at 21-28, 1370). Plaintiff claims that this limitation would "likely preclude" plaintiff from performing even unskilled work on a regular or consistent basis. There is no question that the plaintiff has some limitations that are clearly set forth in the opinion by the ALJ, but the one specifically focused on by the plaintiff is this one.  The Court has considered the opinion of Dr. Barrilleaux and the vocational expert and finds this evidence is substantial and that the ALJ considered it properly and the finding is supported.  In the final analysis Dr.. Barrilleaux's opinion "is essentially that the claimant should be limited to simple, routine, repetitive tasks" (Doc. 8, pp.28, 1370). The ALJ accounted for such limitations in his residual functional capacity determination, wherein he found the plaintiff could perform "simple, routine tasks of unskilled work" (Doc. 8, p.23).

"Dr. Barrilleauux evaluated plaintiff after the administrative hearing and, as argued by the defendant, the ALJ sent interrogatories to the vocational expert which included the additional limitation to simple, routine tasks" (Doc. 8, pp.16, 394-398). A hypothetical question was posed to the vocational expert, and the opinion of the expert was that an individual of plaintiff's age, education, work experience, and residual functional capacity could perform sedentary, unskilled work that exists in significant numbers in the national economy (Doc.8, pp.16, 21, 29-30, 400-403). This opinion sufficiently addresses the issue raised by plaintiff. The Court is not permitted to reconsider the evidence and re-weigh it. The Commissioner's decision is granted great deference, and this Court should not disturb it unless there is no substantial evidence in the record to support the Commissioner's decision. There is a plethora of evidence, including the opinion of the expert, supporting the Commissioner's decision. For that reason, the Court will not disturb the Commissioner's finding.

**Issue (2)**  Whether substantial evidence supports the ALJ's evaluation of plaintiff's pain.

In his Memorandum of Law (Doc. 10),  plaintiff's attorneys objectively and in detail go through much of the medical evidence presented by plaintiff in his case-in-chief. Plaintiff claims disability beginning in 2013, and without question had certain conditions which caused some degree of pain (degenerative disc disease, renal cyst) (Doc. 8 at 1165). Throughout the extended period of time beginning in 2013 and continuing through the date of the hearing on this case, plaintiff went through different medical evaluations. In February of 2014 he passed a commercial driver fitness examination (Doc. 8 at 1095-97). During that time he also suffered from renal cysts. He had examinations showing that he had a "normal range of motion" (Doc. 8 at 985), but also had findings in his medical records

that he had a normal range of motion and no tenderness (Doc. 8 at 969), He had normal strength and reflexes, but Dr. Pickett found that he could not participate in strenuous activity due to his history of a heart impairment, but also Dr. Pickett noted that plaintiff could walk frequently during an eight hour workday (Doc.8 at 613). The ALJ was thoroughly familiar with the conflicting evidence regarding the extent and severity of the pain claimed by the plaintiff, and the complaints of the pain that were documented by the medical providers. The bottom line is that the complaints of pain were varied both in types and in intensity leaving the ultimate evaluation and determination up to the ALJ.

The defendant's position is that the proof in the record significantly contradicts the testimony of plaintiff. Plaintiff listed his daily activities as including shopping, driving, performing household tasks, and raising children, including foster children. Plaintiff had an excellent work history, including semi-skilled or skilled work for a period of seventeen years as part of his jobs (Doc.8, p.20). The residual functional capacity was squarely addressed by the ALJ, and taking it all into consideration the ALJ found that even though plaintiff cannot return to the strenuous work that he performed in the past, that the evidence showed that he could perform less demanding jobs that exist in significant numbers in the national economy (Doc.8, pp. 28-30). The finding of the ALJ is established by substantial evidence that has not been refuted by the plaintiff. A factfinder's evaluation of the credibility of the subjective complaints is entitled to deference if it is supported by substantial record evidence, and it is in this case. *See Villa v. Sullivan,* 895 F. 2d 1019, 1024 (5th Cir. 1990).

## SUMMARY

For the reasons above described, this Court finds that the objections filed by plaintiff are not well taken, and the Administrative Law Judge properly accounted for all of the functional limitations discussed by Dr. Barrilleaux. Additionally, substantial evidence supports the ALJ's evaluation for plaintiff's pain. This Court finds that the Objections are not well taken, and the Commissioner's decision is supported by substantial evidence and that no reversable error of law was committed by the ALJ. Accordingly, the Commissioner's final decision is AFFIRMED, and this action is DISMISSED WITH PREJUDICE.

SO ORDERED this the __28th__ day of September, 2022.


　　　　　　　　　　　___s/Keith Starrett_____
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE